2010 OK CIV APP 17

**WILBANKS SECURITIES, INC.,**
**Plaintiff/Appellant,**

v.

**Donald R. McFARLAND,**
**Defendant/Appellee.**

No. 105,451.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Oct. 8, 2009.

Rehearing Denied Nov. 17, 2009.

Certiorari Denied Feb. 8, 2010.

---

12. Express later amended its request based on supplemental fees expended and sought an award of $9,214.75.

Andrew J. Waldron, Walker & Walker, Oklahoma City, OK, for Appellant.

Rodney J. Heggy, Heggy & Associates, LLC, Oklahoma City, OK, for Appellee.

DEBORAH B. BARNES, Presiding Judge.

¶ 1 This is an appeal from the trial court's order confirming an arbitration award and from a judgment denying a motion for new trial and awarding attorney fees. In November 2004, Wilbanks Securities, Inc. (WSI) submitted a dispute between it and Donald R. McFarland (McFarland) to the National Association of Securities Dealers' (NASD)[1] Arbitration Panel (NASD Panel).[2] McFarland is a licensed insurance agent and a "Series 6" registered security representative. He worked as an independent contractor for WSI, a retail securities broker and dealer and member of NASD, under a written Independent Contractor Agreement, dated June 11, 1999, and a September 20, 2002, Agreement (collectively, Agreement).[3] WSI terminated McFarland in September 2004 for alleged breach of the Agreement. WSI then claimed monies were owed by McFarland to it, but McFarland claimed it was WSI that owed him.

¶ 2 WSI asserts it presented to NASD Panel its allegations of breach of contract, breach of good faith, "selling away" securities that are unregistered or not approved for sale, tortious interference with business, and common law fraud. McFarland asserted a number of defenses and claims for defamation, wrongful confiscation of commissions, and wrongful imposition of a $20,000 fine.[4]

---

1. NASD is now known as the Financial Industry Regulatory Authority.

2. NASD Uniform Submission Agreement, Record (R.), p. 372. This NASD Uniform Submission Agreement provides that WSI and McFarland agreed that a judgment could be entered on the NASD Panel's award. There is no issue raised in this appeal that the dispute was not properly submitted to NASD Panel for arbitration.

3. R., pp. 373, 396–400.

4. The record contains no pleadings from the arbitration; however, the arbitration award contains a recitation of the claims and defenses NASD Panel had before it.

¶ 3 The dispute was heard by NASD Panel on April 11, 12, and 13, 2006, and NASD Panel's arbitration award (Award)[5] was issued on May 18, 2006. The Award dismissed WSI's claims and found WSI liable to McFarland for withheld commissions, future renewals, the $20,000 fine, expert witness fees, attorney fees, and expenses, in addition to other relief including expungement of McFarland's NASD public records.

¶ 4 On June 16, 2006, WSI filed a "Petition to Vacate or Modify Arbitration Award" in the District Court of Oklahoma County, alleging jurisdiction under the Oklahoma Uniform Arbitration Act, 12 O.S. Supp.2005 §§ 1874, 1875, and 1878. On June 27, 2006, McFarland removed the case to federal court. The federal district court, however, remanded the case back to state court. The federal district court found the Federal Arbitration Act (FAA)[6] did not create independent federal jurisdiction that would support removal, even though the arbitration award vacation provisions in § 10 have been applied to NASD arbitration awards in the U.S. Court of Appeals for the Tenth Circuit.[7]

¶ 5 With leave of the state trial court, WSI was allowed to file an "Amended Petition," filed on March 30, 2007, and then to file its "Second Amended Petition to Vacate or Modify Arbitration Award," (Second Amended Petition) on April 6, 2007. WSI alleges NASD Panel disregarded the terms of the Agreement, acted in an arbitrary and capricious manner, was not impartial, improperly refused to postpone the arbitration hearing, and refused to permit certain witnesses to testify. WSI asked the trial court to vacate and/or modify the Award and to award it attorney fees.

¶ 6 On June 1, 2007, McFarland filed a Motion for Summary Judgment, urging

NASD Panel's decision be confirmed and that the trial court enter judgment on the Award. McFarland also requested attorney fees under 12 O.S. Supp.2002 § 936, and 40 O.S.2001 § 165.9. WSI filed its Response to McFarland's Motion for Summary Judgment, and on October 5, 2007, McFarland filed his Reply.

¶ 7 At a hearing on October 26, 2007, the trial court announced it was converting McFarland's Motion for Summary Judgment into a Motion to Confirm the Arbitration Award, and was sustaining McFarland's motion to confirm the Award.[8] On November 6, 2007, the Order embodying this ruling was filed, and WSI moved for a new trial on November 16, 2007. WSI argued that the trial court should not have converted McFarland's Motion for Summary Judgment to a Motion to Confirm the Arbitration Award and that the trial court should have allowed WSI leave to conduct depositions.[9] The trial court denied the motion for new trial and granted McFarland attorney fees. The trial court ordered that McFarland shall have judgment against WSI "in the amount of $295,366.75 (which is the combined amount of the original award, $271,346.00, plus attorney's fees in the amount of $24,020.75)," plus interest. From the trial court's order confirming NASD Panel's Award and its judgment, filed on December 13, 2007, granting attorney fees to McFarland and denying WSI's motion for new trial, WSI appeals. We affirm.

### STANDARD OF REVIEW

¶ 8 Oklahoma has adopted a modified version of the Uniform Arbitration Act (OUAA).[10] Oklahoma favors arbitration agreements. *Voss v. City of Oklahoma City,*

---

5. R., p. 13–21.

6. Title 9 U.S.C. §§ 1–16 (as amended 2006). Section 10(a) contains language similar to that contained in *12 O.S. Supp.2005 § 1874* (effective January 1, 2006).

7. R., pp. 53–61.

8. R., p. 449.

9. On June 13, 2007, WSI had issued McFarland deposition notices for an arbitrator, McFarland's

expert witness, and an attorney. On June 18, 2007, McFarland filed a Motion to Quash the deposition notices. WSI did not file a response. The trial court granted the Motion to Quash on October 29, 2007, finding WSI was not entitled to engage in discovery at this point.

10. 12 O.S. Supp.2005 §§ 1851–1881, originally effective on October 1, 1978 and codified at 15 O.S.1981 §§ 801, *et seq.*

1980 OK 148, 618 P.2d 925. Generally, in reviewing a district court's decision concerning a motion to vacate an arbitration award, we review questions of law *de novo* and factual findings for clear error. *Thompson v. Bar–S Foods, Co.*, 2007 OK 75, 174 P.3d 567; *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925 (10th Cir.2001) (construing Oklahoma law) (court looks to see if arbitrators exceeded their powers or rendered a decision in manifest disregard of the law). This appellate review affords the arbitrators great deference. *Fraternal Order of Police, Lodge 142 v. City of Perkins*, 2006 OK CIV APP 122, 146 P.3d 829.

¶ 9 Under the FAA,[11] the federal counterpart to the OUAA, review of a panel's award is strictly limited to a highly deferential standard because a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration. *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925 (10th Cir.2001).

¶ 10 A trial court's decision on whether to grant a new trial is reviewed on an abuse of discretion standard. *Jones, Givens, Gotcher & Bogan, P.C. v. Berger*, 2002 OK 31, 46 P.3d 698. A finding of abuse requires that the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. *Meadows v. Wal–Mart Stores, Inc.*, 2001 OK 25, 21 P.3d 48.

### ANALYSIS

¶ 11 Arbitration, a legislative creation, is the referral of a dispute by the voluntary agreement of the parties to one or more impartial arbitrators for a final and binding decision as a determination of their dispute. An arbitration award is made on the basis of evidence and argument presented by the parties who agree in advance to accept the decision of the arbitrator as final and binding. Arbitration can also be non-binding under the referring parties' agreement.

¶ 12 The fundamental purpose of arbitration is to preclude court intervention into the merits of disputes when arbitration

has been provided for contractually. Courts generally favor arbitration statutes because they provide substantial justice by an immediate and speedy resolution with a minimum of court interference. *Rollings v. Thermodyne Industries, Inc.*, 1996 OK 6, 910 P.2d 1030; *Voss v. City of Oklahoma City*, 1980 OK 148, 618 P.2d 925.

¶ 13 Oklahoma and other states have enacted statutory provisions that circumscribe the limited grounds upon which an arbitration award may be set aside. These statutes address the tension between, on one hand, disallowing factual review, which supports the finality of arbitration and protects the ideals of neutrality, confidentiality, and speediness, while on the other hand, allowing factual review, which fosters the fairness of the outcome.

¶ 14 Only in limited circumstances may a motion to vacate an arbitration award be granted. In Oklahoma, 12 O.S. Supp.2005 § 1874 provides the limited grounds under which a party to an arbitration may attempt to vacate an arbitration award. That statute provides, in pertinent part, as follows:

A. Upon an application and motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

1. The award was procured by corruption, fraud, or other undue means;

2. There was:

 a. evident partiality by an arbitrator appointed as a neutral arbitrator,

 b. corruption by an arbitrator, or

 c. misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

3. An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to Section 6 of this act, so as to prejudice substantially the rights of a party to the arbitration proceeding;

---

11. Oklahoma courts look to the FAA in interpreting Oklahoma's arbitration laws, even when no interstate commerce is at issue nor any agreement that falls within the FAA. *See Oklahoma Oncology & Hematology, P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, 160 P.3d 936.

4. An arbitrator exceeded the arbitrator's powers. . . .

(Footnote omitted.)

¶ 15 WSI raises several issues on appeal; *i.e.*, that the trial court erred: (i) by ruling on McFarland's Motion for Summary Judgment without "conducting a trial" or allowing discovery; (ii) by even considering McFarland's Motion for Summary Judgment when it allegedly did not meet the precise dictates of District Court Rule 13; (iii) by converting, at the October 26, 2007, hearing, the Motion for Summary Judgment into a motion to confirm the arbitration award without any notice or opportunity for WSI to respond; (iv) by ignoring the fact that a petition to vacate is allowed by law and by ruling on it summarily; (v) by not having a trial on WSI's Second Amended Petition; (vi) by denying WSI's motion for new trial, and (vii) by awarding attorney fees and costs to McFarland.

¶ 16 WSI's first five assertions of error can be distilled into one basic complaint—that the trial court did not conduct a hearing or trial on its Second Amended Petition or on McFarland's Motion for Summary Judgment, converted by the trial court to a motion to confirm the Award. These assertions of error give rise to the question of what process is due when an arbitration award is challenged under the grounds set forth in § 1874.

*a. Trial Court's Conversion of the Motion for Summary Judgment*

■ ¶ 17 WSI challenges the trial court's conversion of McFarland's Motion for Summary Judgment into a motion to confirm the Award. We find no merit in this assertion of error.

¶ 18 WSI's Second Amended Petition sought post-adjudication relief from the Award. McFarland filed his Motion for Summary Judgment, to which WSI responded on September 28, 2007. McFarland filed a reply.

■ ¶ 19 McFarland's Motion for Summary Judgment is a misnomer and does not reflect the actual procedural posture of this case. It is actually a motion to confirm the Award because a motion for summary judgment is a request for pre-adjudication relief and is not applicable to post-adjudication issues. The meaning and effect of an instrument filed in court depend on its contents and substance, rather than on its form. *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, 681 P.2d 757; *Amarex, Inc. v. Baker*, 1982 OK 155, 655 P.2d 1040. Title 12 O.S. Supp. 2005 § 1873 allows for an "application and motion" to be filed when requesting an arbitration award be "confirmed."

¶ 20 Likewise, WSI's Second Amended Petition is misnamed and not reflective of the procedural status of this matter. Title 12 O.S. Supp.2005 §§ 1874–1875 provide that a party to an arbitration seeking to vacate an award may file an "application and motion"— not a "Petition" or Second Amended Petition. This is not merely a semantical distinction. The language of the FAA and § 1873 of the OUAA reflects the proper procedural posture of a party's request that an arbitration award be vacated or confirmed. The substance of WSI's Second Amended Petition is, in fact, that of a motion or application to vacate the arbitration Award, while McFarland's "Motion for Summary Judgment" is actually a motion to confirm the Award.[12] The effect of a document filed in court depends on its content and the statutes allowing it to be filed. We find the trial court properly recast McFarland's Motion for Summary Judgment as a motion to confirm the Award and treated it as such.[13]

*b. Trial Court's Failure to Conduct a Hearing or Trial*

■ ¶ 21 WSI also asserts that the trial court erred in ruling on McFarland's Motion for Summary Judgment without conducting a hearing and by not having a trial on WSI's Second Amended Petition. This argument

12. Section 6 of the FAA also provides that any application made shall be treated like a motion.

13. Because the trial court did not consider McFarland's Motion for Summary Judgment as a summary judgment, District Court Rule 13 was inapplicable. Okla. Dist. Ct. Rule 13, 12 O.S. Supp.2002, ch. 2, app.

stems from WSI's misperception that its Second Amended Petition was something other than a motion to vacate the arbitration award. WSI filed its response to McFarland's Motion for Summary Judgment, to which McFarland replied. The trial court set the motion on the docket. The trial court stated that it had "received and read and reviewed the following documents: The Defendant's Motion for Summary Judgment, all of these with briefs and numerous exhibits attached; Plaintiff's Response to same; Defendant's Reply. In addition, the Court has been furnished a transcript from the arbitration hearing held on April 11, 12, and 13 of 2006." [14] Counsel for both parties agreed on the record that that was the "complete set of documents the Court has to review for today's hearing." [15] The trial court further stated that it has "thoroughly read these documents. I had read some of them before the last time we met and [am] prepared to rule at this time. Based upon the pleadings, [the trial court] has no need for any additional oral argument." [16] We disagree with WSI's assertion that its Second Amended Petition or the Motion for Summary Judgment on it, filed by McFarland, requires the same procedural due process that a petition initiating a lawsuit under 12 O.S.2001 § 2003 is due. WSI's Second Amended Petition is actually an "application" or "motion," and as such is not entitled to the same procedural due process that a § 2003 petition would receive.

¶ 22 For example, in *Health Services Management Corp. v. Hughes*, 975 F.2d 1253 (7th Cir.1992), the appellate court considered an appeal from a district court order confirming an arbitration award. The party against whom the award was entered, HSM, argued as WSI does in this case, that the award was procured by undue means, evident partiality, other misbehavior by the arbitrators and that the award was contrary to contract law.

¶ 23 The *Health Services Management* district court, *without notice or hearing, pretrial or scheduling conference*, entered its order denying the application to vacate the arbitration award. On appeal, HSM contended that the district court erred in entering its order without granting HSM process under Rule 16 of the Federal Rules of Civil Procedure. HSM argued that the court should have held a scheduling conference, a pre-trial conference, ordered briefs to be filed and ordered transcripts of the arbitration to be filed.

¶ 24 The circuit court rejected HSM's argument, citing Rule 1 of the Federal Rules of Civil Procedure, which states that the rules govern the procedure in U.S. district courts in all civil suits with the exception of proceedings under the FAA. "It would defeat the purpose of arbitration if a reviewing court was obligated to give all the *due process* owed to parties filing actions of a civil nature and deserving of Federal Rule 16 treatment, e.g., a scheduling conference, hearing, etc. Thus, 'the court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated.' " *Id.* at 1258. (Emphasis added.) [17]

¶ 25 Arbitration procedures are more streamlined than federal litigation. The relative informality of arbitration is one of the chief reasons that parties select arbitration. Parties trade the procedure and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration. *See 14 Penn Plaza LLC v. Pyett,* —— U.S. ——, 129 S.Ct. 1456, 173 L.Ed.2d 398 (2009).

### c. Trial Court's Failure to Allow Post–Arbitration Discovery

¶ 26 The crux of WSI's complaint—that it had no opportunity to respond to the

14. R., at 449 (Transcript of October 26, 2007, hearing, at p. 3).

15. *Id.*

16. *Id.* at p. 4.

17. In construing the Oklahoma Pleading Code, courts may consider the federal counterpart from which it was derived. *Visteon Corp. v. Yazel,* 2004 OK CIV APP 52, 91 P.3d 690. The Oklahoma Pleading Code does not apply to arbitrations. *See* 12 O.S.2001 § 2001, and the Committee Comment to 12 O.S.2001 § 2001, which states, in part, that the Code does not apply to proceedings held before a body other than a district court.

Motion for Summary Judgment when recast by the trial court *sua sponte* as a motion to confirm the arbitration award—is its desire to conduct post-arbitration award discovery in an attempt to meet its burden of proving one or more of the § 1874 statutory grounds, set forth in its Second Amended Petition, upon which an arbitration award may be vacated. In its Second Amended Petition, WSI asserted three § 1874 statutory grounds for vacating an arbitration award: (1) the arbitrators failed to postpone the hearing and to consider material evidence; (2) the arbitrators acted with evident partiality; and, (3) the arbitrators exceeded their authority by failing and refusing to apply certain provisions of the Agreement and thus acting in an arbitrary and capricious manner that exceeded its powers.[18]

¶ 27 In particular, WSI claims: [19]

(1) that NASD Panel denied two motions to continue the arbitration WSI filed in the months leading up to the hearing. WSI had asked for more time to obtain discovery from non-NASD member insurance providers;

(2) that NASD Panel intimidated witness Aaron Wilbanks by requesting counsel to cut his testimony short if it was wordy or repetitive; and,

(3) that NASD Panel refused to permit further telephone witnesses and simply refused to allow witness Denver Klaussen to testify though he was physically present at the hearing. Further, NASD Panel refused to allow WSI's witness James Stockton to testify.[20]

WSI alleges there are factual disputes as to these issues, which should have prevented the trial court's summary disposition. WSI also states that it "intends" to present testimonial and documentary evidence to support its Second Amended Petition. WSI contends that if "reasonable discovery is allowed, further evidence of arbitrator partiality will be sought from third party witnesses" and from the arbitrator.

¶ 28 WSI issued three deposition notices to obtain testimony to use in response to McFarland's Motion for Summary Judgment. McFarland moved to quash the deposition notices, WSI never responded, and the trial court granted the motion to quash.[21]

¶ 29 WSI sought to depose one of the arbitrators, Peter Bradford, a local attorney, Lisa Muggenborg, an attorney, and McFarland's expert witness, Gary Chartier, who testified at the arbitration hearing and was available then for questioning by WSI.[22]

¶ 30 WSI argues that it should have been allowed to conduct depositions to prove the evident partiality of the arbitrators. We disagree.

¶ 31 An attempt by a party to investigate, through discovery, whether the arbitrators were neutral and unbiased threatens the conclusiveness of the arbitration process. Consequently, courts are reluctant to permit discovery as to the potential bias of an arbitrator. Such process undermines the authority of the arbitrator and injects delay in confirmation or vacation.

¶ 32 At the same time, the arbitration process must be unbiased and avoid an appearance of bias. *Nationwide Mutual Insurance Co. v. The Home Insurance Co.*, 90 F.Supp.2d 893 (S.D.Ohio, E.D.2000). The *Nationwide Mutual Insurance* court stated that although it may be difficult to prove actual bias without deposing the arbitrators, depositions of arbitrators are repeatedly condemned by courts. In the absence of clear evidence of impropriety, a party is not entitled to discovery by way of deposing one or more arbitrators. *Id.* at 899. Evident par-

---

18. To support this assertion of error, WSI relies on the "arbitration transcripts" and "briefing record." In addition, WSI intends to rely on the results of "future discovery."

19. Second Amended Petition, R., p. 283.

20. Second Amended Petition, R., p. 287.

21. The order granting the Motion to Quash is not on appeal before this Court. We consider this issue, however, because of its direct relation to WSI's allegation that the trial court erred by not having a hearing on McFarland's Motion for Summary Judgment or on WSI's Second Amended Petition.

22. McFarland's Motion to Quash Notice of Depositions, R., at pp. 404–405.

tiality under the FAA[23] and § 1874 would be found only "where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Id.* at 899. (Citations omitted.) An "adverse award in and of itself is no evidence of bias absent some evidence of improper motivation." *Id.* at 901. (Citation omitted).

¶ 33 Even though the *Nationwide Mutual Insurance* court had some evidence of record to consider, it found that the movant had not established by clear evidence of impropriety any right to limited discovery. The *Nationwide Mutual Insurance* court also denied the movant's request to depose opposing counsel, absent a showing of extraordinary circumstances. We find WSI has not provided by clear evidence of impropriety, or a showing of extraordinary circumstances, any right to limited discovery.

 ¶ 34 Further, WSI complains in the Second Amended Petition that there "was evident partiality by an arbitrator" Peter Bradford in that he:

> failed to disclose that, prior to this arbitration, he had worked with Attorney Lisa Mueggenborg with regard to a company known as Broadband Wireless International. That relationship is important because Attorney Mueggenborg has prosecuted and does currently prosecute claims against [WSI]. It is likely Mueggenborg confided in and communicated with Mr. Bradford concerning the claims against [WSI] and that such prevented him from being impartial or having the appearance of impeccability.[24]

WSI sums up this complaint of bias by alleging that all the NASD Panel members were biased and partial because of their handling of evidentiary matters, procedure, and the ruling itself.

 ¶ 35 The *Health Services Management* court also stated, "when a claim of partiality as to an arbitration award is made, the court is under an obligation to scan the record to see if it demonstrates evident partiality on the part of the arbitrators." *Health Services Management Corp. v. Hughes,* 975 F.2d 1253, 1258 (7th Cir.1992). Absent a verbatim transcript of the arbitration hearing, this Court must presume regularity of the arbitration proceedings and the resulting arbitration award. *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.,* 98 Ohio App.3d 45, 647 N.E.2d 844 (1994).

 ¶ 36 Evident partiality under the FAA means more than a mere appearance of bias. Arbitrators are usually knowledgeable in a given field and often have interests and relationships that overlap with the matter they are considering as arbitrators. The mere appearance of bias that might disqualify a judge will not disqualify an arbitrator. *Florasynth, Inc. v. Pickholz,* 750 F.2d 171 (2nd Cir.1984). To set aside an award for arbitration partiality, the interest or bias must be direct, definite and capable of demonstration rather than remote, uncertain or speculative. *Tamari v. Bache Halsey Stuart, Inc.,* 619 F.2d 1196 (7th Cir.1980). The *Health Services Management* court stated, "[t]he record here is completely barren of any evidence of such direct and definite partiality." Such is the case in the instant appeal. *Id.* at 1264.

¶ 37 We, like the *Health Services Management* court,[25] and the trial court, are hampered in considering any of WSI's assertions of error by an incomplete record.[26] The

---

23. 9 U.S.C. § 10(a)(2) (as amended 2006).

24. R., p. 285.

25. HSM's application to vacate the arbitration award was not accompanied by any exhibits or copies of the transcript. Thereafter, seven pages of the transcript, of at least 455 pages in length, and a copy of the contract at issue in the arbitration were attached to the response brief of Hughes, the other party to the arbitration. HSM attached nothing to its reply.

26. *See also Ormsbee Development Co. v. Grace,* 668 F.2d 1140 (10th Cir.1982)(circuit court upheld district court's refusal to grant an evidentiary hearing on matters relating to the conduct of the arbitration proceeding which were outside the arbitration record and stated that the finality of arbitration weighs heavily in its favor and cannot be upset absent exceptional circumstances); *Jamison & Harris v. National Loan Investors,* 939 S.W.2d 735 (Tex.App., Houston 1997)(where appellant furnished no record of the arbitration proceedings to establish its claim that the arbitrator refused to hear evidence on its

appellate record only contains a copy of the NASD Award, a copy of the Agreement, pleadings, and motions filed in the trial court, and a five-page transcript of the trial court's October 26, 2007, announcement of its ruling on McFarland's Motion for Summary Judgment/motion to confirm the arbitration award. WSI has produced no exhibits, affidavits, certified depositions of arbitration witnesses nor any certified transcript of the arbitration hearing.[27]

¶ 38 A *transcription* of audio tapes made of the arbitration hearing is included on appeal; however, the court reporter, who prepared the transcription, admits it is an "attempt" to transcribe poorly recorded audio tapes, stating:

> The following transcript is my best effort at transcribing this hearing from audio tapes supplied to me. I was not present at the hearing and so I was only able to try to identify speakers by their voices and using my experience of having reported similar hearings such as these during my reporting career.

> The tapes were not of very good audio quality and also at times stopped abruptly in the middle of statements being made by persons at the hearing. Extraneous noises such as coughing or shuffling of papers near the microphone, a loud air conditioning system, and persons too distant from the microphone or speaking too softly obscured many portions of the hearing. I did my best to report what I could clearly hear on the tapes, but I do not certify this transcript as if it were a verbatim tran-

script normally prepar[ed] by me at a hearing that I attend in person.[28]

Furthermore, the transcription does not comply with Oklahoma Supreme Court Rule 1.30, 12 O.S.2001, ch. 15, app. 1.

¶ 39 No issue will be resolved upon a critically deficient record. *Booth v. McKnight*, 2003 OK 49, 70 P.3d 855. Without a sufficient record, this Court cannot, as the trial court could not, determine whether any NASD Panel decisions violated § 1874.

¶ 40 Because WSI bears the burden of proof, failure to present a record for review is fatal to its appeal. *Hamid v. Sew Original*, 1982 OK 46, 645 P.2d 496; *In the Matter of the Estate of Fields*, 1998 OK CIV APP 129, 964 P.2d 955 (trial court's decision is presumed correct in the absence of a stenographic record made at the hearing and no narrative statement made in accordance with Okla. Sup.Ct. R. 1.30). Without a record of the arbitration proceeding, this Court can only presume the Award is without error.[29]

### Denial of WSI's Motion for New Trial

¶ 41 WSI asserts that the trial court improperly denied its motion for new trial. A trial court's decision on whether to grant a new trial is reviewed on an abuse of discretion standard. *Jones, Givens, Gotcher & Bogan, P.C. v. Berger*, 2002 OK 31, 46 P.3d 698. Where it appears that the defeated litigant did not present valid reasons for a new trial, and the record is barren of sufficient legal grounds for ordering a reexamination of fact issues, this Court will hold that

claims and relied on summary judgment procedure to enter an award, reviewing court is unable to determine what evidence was refused or offered and must presume the evidence was adequate to support the award).

27. McFarland asserts, citing to the incomplete and uncertified transcription of the audio tapes of the arbitration hearing, that at all times, WSI accepted NASD Panel and that WSI knew the identity of the arbitrators for over a year, giving it plenty of time to know of any connection between an arbitrator and to any other lawyer suing WSI. "Wilbanks could not await the Award and then move to vacate it as an excuse to inquire into partiality." McFarland's Brief, at p. 18. We cannot determine whether these asser-

tions of McFarland are accurate without a complete record.

28. R., at 79.

29. *See, e.g., Commonwealth Associates v. Letsos*, 40 F. SupP.2d 170 (S.D.N.Y.1999)(court denied motion to vacate arbitration award based on deficiency of incomplete transcriptions of audio tapes of arbitration hearing not certified as accurate); *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.*, 98 Ohio App.3d 45, 647 N.E.2d 844 (1994)(where the court did not have a verbatim transcript or other complete record of the evidence and arguments presented at the arbitration hearing, resulting arbitration award is presumed correct).

none existed. *Bishop's Restaurants, Inc. of Tulsa v. Whomble,* 1960 OK 44, 355 P.2d 560.

¶ 42 WSI also complains that the trial court denied its motion for new trial even though McFarland never filed a response to that motion. Rule 4(e) [30] is not self-executing. The trial court retains discretion to review motions whether or not an opposing brief is filed. *Pipes v. Smith,* 1987 OK CIV APP 66, 743 P.2d 1110. In the absence of a record, we find the trial court did not abuse its discretion by denying WSI's motion for new trial.

### *Trial Court's Award of Attorney Fees and Costs to McFarland*

¶ 43 With this affirmance of the trial court's judgment, and because WSI failed to brief the issue, there is no basis for setting aside the trial court's award of attorney fees and costs to McFarland.[31]

### CONCLUSION

¶ 44 In the absence of a complete record, WSI has failed to prove it is entitled to any modification or vacation of the arbitration award. This Court must presume the trial court did not err. *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496. We affirm the trial court's November 6, 2007, Order and the December 13, 2007, Judgment.

¶ 45 **AFFIRMED.**

WISEMAN, V.C.J., and GOODMAN, J., concur.

---

**30.** Rules for the District Courts, 12 O.S. Supp. 2002, ch. 2, app.

**31.** We also deny McFarland's request for attorney fees *on appeal* for failure to brief the issue. Failure to brief an issue on appeal results in a waiver of the right to have it considered on appeal. Rule 1.11(k)(2), Okla. Sup.Ct. Rules, 12 O.S.2001, ch. 15, app. 1.