OPINION BY JERRY L. GOODMAN, JUDGE:
¶1 American Oil for Americans, LP, American Oil for Americans, Inc., Running Springs Oil and Gas, LP, RS Oil Corp., Joy Oil, LP, and Joy Oil & Gas Corp. (collectively, "Appellants") appeal a June 1, 2018, order denying their motion to vacate a January 9, 2018, default judgment entered against them. Based upon our review of the record and applicable law, we find all proceedings and orders entered in violation of the stay entered on December 8, 2017, to be of no effect, unenforceable, and void. Accordingly, all orders entered after the entry of the stay are vacated.
BACKGROUND
¶2 Lucky Duck Drilling, LLC, Wayne Clark, and the Richard & Barbara Barney 2009 Family Trust (collectively, "Appellees") are limited partners in American Oil for Americans, LP, Running Springs Oil and Gas, LP, and Joy Oil, LP (collectively, "Limited Partnerships").[1] Each Limited Partnership has a managing general partner that is a corporate entity.[2]
¶3 Appellees filed a petition for declaratory judgment in Oklahoma County District Court *1146 on July 24, 2017, seeking to inspect and examine the Limited Partnerships' books and records pursuant to the Oklahoma Uniform Limited Partnership Act of 2010, 54 O.S.2011, § 500-304A. On September 5, 2017, Appellees filed a motion to shorten time for response to requests for production of documents and inspection, requesting the court shorten Appellants' time to respond to ten days.[3] Appellants objected to the motion, asserting Appellees were seeking the documents and information that were the subject of the declaratory action.
¶4 Appellants filed a motion to stay proceedings and to compel arbitration on September 12, 2017, asserting Appellees had executed Limited Partnership Agreements that contained arbitration clauses covering their dispute. Appellees filed a response, objecting to arbitration. Appellees asserted their declaratory judgment action was not a "dispute" within the arbitration clause, they never signed the agreements, inter alia .
¶5 By order entered on September 19, 2017, Judge Patricia G. Parrish, sitting on behalf of Judge Roger Stuart, granted Appellees' motion to shorten time.[4] The order provides, in relevant part:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that each of the Defendant Limited Partnerships shall produce to [Appellees] the "required information" referenced in 54 O.S. § 500-304A(a) and defined in 54 O.S. § 500-111A on or before Monday, October 2, 2017.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each of the Defendant Limited Partnerships shall provide its written responses to [Appellees'] Requests For Production of Documents and Inspection that was addressed to each Defendant Limited Partnerships, respectively, on or before Monday, October 2, 2017.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order shall not prejudice Defendants' pending Motion to Stay Proceedings and Compel Arbitration, which is set separately for hearing on October 6, 2017 at 9:00 a.m.
Appellees filed a motion for indirect contempt on October 3, 2017, asserting the Limited Partnerships had willfully failed and refused to comply with the court's September 19, 2017, order.
¶6 By minute order entered on October 6, 2017, Judge Thomas E. Prince, sitting on behalf of retired Judge Stuart, sustained Appellants' motion to stay and to compel arbitration. A journal entry was subsequently entered on December 8, 2017, staying the proceedings in court pending the outcome of arbitration.[5]
¶7 Appellants filed an objection to the motion for indirect contempt on November 29, 2017, asserting the case had been stayed.[6] A hearing on the motion for indirect contempt was held on November 30, 2017. By journal entry entered on December 8, 2017, Judge Parrish granted in part and denied in part Appellees' motion. Judge Parrish held Appellants had failed to fully comply with the court's September 19, 2017, order, finding Appellants had produced only part of the required information. Judge Parrish rejected Appellants' assertion that Judge Prince's minute order deprived her of the authority or jurisdiction to enforce the September 19, 2017, order. Judge Parrish further ordered Appellants to produce the required information and documents identified in 54 O.S.2011, § 500-111A. Finally, the journal entry provides:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that should [Appellants] fail to produce the documents to [Appellees] as ordered ... on or before December 31, 2017, this Court will enter *1147 default judgment in favor of [Appellees] and against [Appellants] without further hearing on all relief sought in [Appellees'] petition.
¶8 On January 5, 2018, counsel for Appellees sent Judge Parrish a letter, asserting Appellants had failed to fully comply with the December 8, 2017, journal entry and requesting Judge Parrish enter default judgment against Appellants without further hearing. By journal entry entered on January 9, 2018, and based on Appellees' letter, Judge Parrish entered default judgment against Appellants. On February 2, 2018, Appellants filed a motion to set aside ex parte default judgment, asserting the case had been stayed and arbitration ordered. They further asserted the default judgment was entered without any prior notice to them. Appellants further filed a motion to stay enforcement of the default judgment pending reconsideration and appeal.
¶9 By journal entry entered on June 1, 2018, Judge Trevor Pemberton denied Appellants' motion to set aside ex parte default judgment and motion to stay enforcement of judgment pending appeal. Appellants appeal.
STANDARD OF REVIEW
¶10 Appellants filed their motion to set aside ex parte default judgment more than ten days but less than thirty days after the trial court's journal entry. Appellants' motion is therefore the functional equivalent of a motion to vacate. We review a trial court's order refusing to vacate a default judgment for abuse of discretion. Ferguson Enters. Inc. v. H Webb Enters. Inc. , 2000 OK 78, ¶ 5, 13 P.3d 480, 482. "An abuse of discretion takes place when the decision is based on an erroneous interpretation of the law, on factual findings that are unsupported by proof, or represents an unreasonable judgment in weighing relevant factors." Oklahoma City Zoological Trust v. State ex rel. Pub. Employees Relations Bd. , 2007 OK 21, ¶ 5, 158 P.3d 461, 464. When an appellate court reviews an order refusing to vacate a final judgment, "the appellate court's inquiry does not focus on the underlying judgment, but rather on the correctness of the trial court's response to the motion to vacate." Central Plastics Co. v. Barton Indus. Inc. , 1991 OK 103, ¶ 2, 818 P.2d 900.
ANALYSIS
¶11 On appeal, Appellants assert the trial court erred in refusing to vacate the default judgment. Appellants contend the case had been stayed and ordered to arbitration prior to entry of the ex parte default judgment. Appellees disagree, asserting the court retained jurisdiction to enforce its previously issued discovery order through a collateral contempt proceeding.
¶12 The record provides the parties signed Limited Partnership Agreements containing arbitration clauses. The clauses provided the parties will resolve any dispute regarding the Limited Partnership Agreements by binding arbitration in accordance with the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq . The FAA applies to contracts affecting interstate commerce. See 9 U.S.C. § 2 ; Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 273, 115 S.Ct. 834, 839, 130 L.Ed.2d 753 (1995). Oklahoma has adopted a modified version of the Uniform Arbitration Act, the Oklahoma Uniform Arbitration Act (OUAA). See 12 O.S.2011, §§ 1851 - 1881, originally effective on October 1, 1978, at 15 O.S. § 801 et seq . ; Wilbanks Sec., Inc. v. McFarland , 2010 OK CIV APP 17, ¶ 8, 231 P.3d 714, 718. The record on appeal does not provide whether the trial court determined that the Limited Partnership Agreements involve interstate commerce. Regardless of whether the proceedings before the trial court are analyzed under the FAA or under the OUAA, the result is the same.
¶13 Pursuant to 9 U.S.C. § 3, when the court finds the parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, the FAA requires the court to stay judicial proceedings and compel arbitration in accordance with the agreement's terms. The plain language specifies the court "shall" stay proceedings *1148 pending arbitration.[7] Oklahoma state law is consistent with the FAA. Title 12 O.S.2011, § 1858(G) provides, in relevant part: "If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."[8] Accordingly, under both the FAA and the OUAA, the trial court was required to stay the proceedings once it determined the parties' claim was subject to arbitration.
¶14 In the present case, the record provides Judge Prince determined the Appellees' claim was subject to arbitration and issued a final appealable order on December 8, 2017, staying the proceedings and ordering the parties to arbitration. Oklahoma Oncology & Hematology P.C. v. US Oncology, Inc. , 2007 OK 12, ¶ 17, 160 P.3d 936, 943. This order was not appealed and is now final.
¶15 Although the trial court retains jurisdiction when it grants a stay, Oklahoma Orders Compelling Arbitration , 5 Okla. Prac., Appellate Practice § 4:31 (2018 Ed.), the power of the court to issue or modify orders is suspended. See e.g. , In re G.C. , 2012 OK CIV APP 40, ¶ 16, 275 P.3d 150, 154 (addressing a stay pending appellate review) (A stay preserves the status quo and generally suspends the power of the lower court to issue or modify orders.). A stay is in effect an injunction, preventing any further steps in the court action during the period of stay. 6 C.J.S. Arbitration § 59. The stay arrests further action by the court until the arbitration is completed. 6 C.J.S. Arbitration § 53. "The effect of a stay of proceedings is to prevent the taking of any further steps in the action during the period of the stay. ..." 1 Alt. Disp. Resol. § 25:19 (4th ed.)(citing A.P. Brown Co. v. Superior Court , 16 Ariz.App. 38, 490 P.2d 867, 869 (1971) ). Accordingly, any subsequent trial court order inconsistent with the intent of the stay is ineffective, unenforceable, and a nullity.
¶16 The record provides three orders were issued after the stay was entered. Judge Parrish issued a journal entry on December 8, 2017, granting Appellees' motion for indirect contempt. A review of the docket sheet reveals Judge Prince's order staying the proceedings and ordering the parties to arbitration was filed immediately prior to Judge Parrish's order.
¶17 The record further provides on January 5, 2018, counsel for Appellees sent Judge Parrish a letter asserting Appellants had failed to fully comply with her December 8, 2017, journal entry and requesting Judge Parrish enter default judgment against Appellants without further hearing.[9] By journal entry entered on January 9, 2018, and based on Appellees' letter, Judge Parrish entered default judgment against Appellants.[10]
¶18 Finally, by order entered on June 1, 2018, Judge Pemberton denied Appellants'
*1149 motion to set aside ex parte default judgment and motion to stay enforcement of judgment pending appeal.[11]
¶19 Accordingly, Judge Parrish's December 8, 2017, and January 9, 2018, orders, and Judge Pemberton's June 1, 2018, order, are in violation of the stay and are therefore of no effect, are unenforceable, and void. The orders are therefore vacated. Upon remand, the matter is to be placed on Judge Prince's docket, subject to the supervisory power of the Chief Judge pursuant to Oklahoma County District Court Rules.
¶20 VACATED AND REMANDED.
FISCHER, P.J., and THORNBRUGH, J., concur.

The Richard & Barbara Barney 2009 Family Trust is only a limited partner in American Oil for Americans, LP and Running Springs Oil and Gas, LP.

American Oil for Americans, Inc. is the Managing General Partner of American Oil for Americans, LP; RS Oil Corp. is the Managing General Partner of Running Springs Oil and Gas, LP; and Joy Oil & Gas Corp. is the Managing General Partner of Joy Oil, LP.

Appellees served Appellants with Requests for Production of Documents on September 5, 2017.

Judge Stuart retired on October 1, 2017.

Appellees filed a motion to reconsider on December 8, 2017, requesting Judge Prince reconsider his ruling due to conflicting orders by two judges. The motion was deemed moot by order entered on June 1, 2018.

Appellants further noted a protective order was entered on November 14, 2017, and that they subsequently produced 877 documents.

9 U.S.C.A. § 3 provides:
If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Notably, § 1858(F) also provides:
If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.

The letter was also sent to Appellants' counsel.

The Court further notes that Judge Parrish's January 9, 2018, order granting default judgment was based on Appellees' unfiled and unverified letter of January 5, 2018. The trial court did not permit Appellants the opportunity to respond to the allegations made therein. Due process requires an orderly proceeding in which the parties are given an opportunity to be heard and to defend, enforce, and protect their rights. In re Estate of Bleeker , 2007 OK 68, ¶ 26 fn. 36, 168 P.3d 774, 783 fn. 36. In addition, Oklahoma County District Court Rule 16 requires a motion for default judgment be filed, a hearing be set, and notice provided to the defaulting party.

The entry of conflicting orders in the present case could have been prevented if the trial court followed Oklahoma County District Court Rule 6.
RULE NO. 6 ASSIGNMENT OF CASES AND TRANSFER OF CASES FOR TRIAL:
A. ASSIGNMENT OF CASES
***
2. If, after a case has been assigned, the assigned judge becomes disqualified or unable to hear it, it shall be transferred to the Chief Judge for random reassignment. ...