**SAMEDAN OIL CORPORATION, Appellant,**

**v.**

**The CORPORATION COMMISSION OF the STATE OF OKLAHOMA, composed of The Honorable Hamp Baker, Chairman, The Honorable Norma Eagleton, Vice Chairman, and The Honorable James B. Townsend, Commissioner; and Lincoln Rock Corporation, Appellees.**

**No. 66738.**

Supreme Court of Oklahoma.

May 10, 1988.

Rehearing Denied June 21, 1988.

William B. Rogers, James A. Scimeca, William B. Rogers & Associates, Oklahoma City, for appellant, Samedan Oil Corp.

Richard K. Books, Donna N. Blakley, Watson & McKenzie, Oklahoma City, for appellee, Lincoln Rock Corp.

ALMA WILSON, Justice:

This is an appeal from an order (No. 298259) of the Corporation Commission which clarifies three prior orders of the Commission. The factual and procedural chronology of this case is lengthy yet its delineation is crucial to the resolution of the issues addressed. In particular, the dates should be noted. On July 21, 1983, the Corporation Commission issued Pooling Order # 242128 pooling certain leasehold interests. Under the terms[1] of Pooling Order # 242128, appellee Lincoln Rock was named operator and appellant Samedan was granted fifteen days from the date of the order to elect to participate as a working interest owner in the drilling of the Bedo No. 4 Well, and twenty days from the date of the Order to show their financial capability satisfactory to Lincoln Rock or escrow its pro rata share of the funds necessary to drill the well. If no election were made within the prescribed time period, Samedan was deemed to have accepted the cash bonus. Subsequent to the expiration of the fifteen-day election period Lincoln Rock paid Samedan the cash bonus. However, on August 26, 1983, Samedan returned the cash bonus and advised Lincoln Rock that pursuant to ¶ 3.1 of the Pooling Order it elected to accept an excess royalty in lieu of a cash bonus. Lincoln

---

1. ¶ 3.1 of the Pooling Order provides:

As a further option available to the respondents, they may elect to retain, in addition to the statutory ⅛ of ⅝ royalty, a ⅛ of ⅝ excess royalty on oil and gas in lieu of a cash bonus, thereby delivering to the Applicant a seventy-five percent (75%) net revenue interest lease.

¶ 5 of the Pooling Order provides:

That the outstanding interests in the captioned drilling and spacing unit covered by this Application are hereby required to elect in writing to the Applicant within fifteen (15) days of the date of this Order as to their option to either participate as a working interest owner, prorata [sic], in the drilling of the well; or to take the bonus as indicated in lieu thereof; or farm-out its leasehold position to the Applicant delivering a 75% net revenue interest and receiving no cash consideration. Further, that in the event no written election is made, it shall be assumed that the mineral owner or owners have elected to accept a bonus as hereinabove stated as mineral compensation for their leasehold interest in the subject drilling and spacing unit in lieu of the right to participate in the working interest in the well, and this Order shall so operate. It is further ordered that the Applicant shall have fifteen (15) days from that date, or thirty (30) days from the date of the Order in which to make payment to the respondents.

¶ 6 of the Pooling Order provides:

Further, that in the event the respondents elect to participate in the drilling of the proposed well as a working interest owner, they shall notify the Applicant in writing within the election period as to the option being exercised and shall have twenty (20) days from the date of the Order, or before, to show their financial capability satisfactory to the operator or escrow their prorata [sic] share of the funds necessary to drill the well.

Rock declined Samedan's election because it was not timely. Thereafter, a scrivener's error was discovered in the legal description of Pooling Order # 242128 and a second order, Correction Pooling Order # 244026 was issued on August 29, 1983. With the exception of the legal description, the Correction Pooling Order is a mirror image of the first Pooling Order. On September 9, 1983, and within the fifteen-day time period provided by the Correction Order, Samedan notified Lincoln Rock by mailgram and certified letter that pursuant to ¶ 5 of Correction Pooling Order 244026 it elected to participate in the subject well. Again Lincoln Rock declined Samedan's election to participate, asserting that Correction Order # 244026 simply corrected a scrivener's error and did not reopen the period of election. On November 9, 1983, and seventy-two days after the issuance of the Correction Pooling Order Samedan filed its application with the Corporation Commission for clarification of Orders 242128 and 244026 to determine whether the election period commenced under Order 242128 or Order 244026. This Court notes that Samedan's application was filed fifty-two days after the expiration of the twenty-day security period. Samedan's application stated that it "made timely different elections under the terms and provisions of Correction Order 244026 as required by that order" and requested the Corporation Commission to clarify the subject orders "so as to determine the proper election made by Samedan." Samedan's application was heard by a trial examiner who filed her report on March 14, 1984, recommending that all time periods concerning elections commenced from the date of the Correction Order. Lincoln Rock filed exceptions to the trial examiner's report whereupon a referee heard the exceptions on April 17, 1984. The record reflects that the well was completed as a marginal producer on or about April 20, 1984. Lincoln Rock was still taking the position that Samedan was not a participant on April 20, 1984. On May 4, 1984, the referee submitted her report recommending that the decision of the trial examiner be sustained. No exceptions were filed and the Commission therefore issued its third order, Order # 259992 on May 30, 1984, wherein it held that Correction Pooling Order # 244026 shall be controlling and shall be the order upon which all elections shall be based and all parties having made affirmative elections under that order shall be bound by those elections. Commission's third order # 259992 became a final unappealed order.

On May 30, 1984, Lincoln Rock billed Samedan for its share of costs as a participant in the subject well. In a letter dated June 14, 1984, Samedan notified Lincoln Rock that it was deemed to have elected to receive the cash bonus, because it failed to pay its proportionate share of the well costs in accordance with ¶ 7 of Correction Pooling Order # 244026.[2] Simply put, Samedan took a position entirely inconsistent with its previous actions by denying that it was a participant and by refusing to pay Lincoln Rock for its proportionate share.

Lincoln Rock sought relief with the Corporation Commission requesting that the Commission clarify Orders 242128, 244026 and 259992 so as to make it clear that Samedan is obligated to pay its proportionate share of costs incurred in the drilling of

---

**2.** ¶ 7 of Correction Pooling Order 244026 provides:

That Applicant in addition to any other rights provided herein, shall have a lien, as set out in 52 O.S. (1971), as amended, Section 87.1, on the interest of any owner, subject to this Order, who has elected to participate in the well covered hereby by paying such owner's proportionate part of the costs hereof; provided, however, that in the event an owner elects to participate in said well by paying his proportionate part of the costs thereof and fails or refuses to pay or to secure the payment of such owner's proportionate part of the completed well for production cost as set out in paragraph 2 above, or fails or refuses to pay or make an arrangement with the Applicant for the payment thereof, all within the periods of time as prescribed in this Order, then such owner is deemed to have elected to receive the cash bonus, plus excess royalty, as set out in paragraph 3 above. Thereupon, the payment of such cash bonus shall be made by Applicant within thirty (30) days after the last day on which such defaulting owner, under this Order, should have paid his proportionate part of such costs or should have made satisfactory arrangements for the payment thereof.

the Bedo No. 4 Well. Subsequent to hearings before a hearing officer and an appellate hearing officer, the Corporation Commission heard the matter en banc. Upon hearing, the Commission issued its fourth and final order in this matter, Order # 298259, wherein it held that Samedan is a participant in the subject well and is responsible for its share of well costs. It is from this order (Order # 298259) that Samedan appeals to this Court.

As a preliminary matter, the standard of review is set forth in Article 9 § 20 of the Oklahoma Constitution. In appeals from Corporation Commission orders, other than Constitutional issues, this Court shall determine only whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. The substantial evidence test for reviewing Commission orders does not require that the evidence be weighed, only that upon examination of the total record there be evidence tending to support such order. *El Paso Natural Gas v. Corp. Comm'n,* 640 P.2d 1336 (Okla.1981). *Teleco, Inc. v. Corp. Comm'n,* 653 P.2d 209 (Okla.1982).

The first issue before the Court is whether by Order 298259 the Corporation Commission erroneously interpreted the effect of its third Order 259992 by holding that said Order determined the validity of Samedan's election. Samedan asserts that the third order (No. 259992) addressed the issue of timeliness, not validity, of its election. Samedan's second proposition of error is that the Commission erroneously interpreted the security provisions contained in ¶ s 6 and 7 of the Correction Pooling Order. Samedan argues that ¶ s 6 and 7 of the Correction Pooling Order place an affirmative burden on it to comply with the security provisions in order to perfect the election. Samedan contends that though it affirmatively elected to participate it did not perfect its election within the twenty-day period because it did not take affirmative action to comply with one of the following security provisions promulgated in ¶ s 6 and 7 of the Correction Order: (1) show its financial capability satisfactory to Lincoln Rock; (2) escrow its pro rata share of funds; (3) pay its proportionate part of

the costs; (4) secure payment of its proportionate part; or (5) make arrangements for payment. The Commission found that Lincoln Rock was satisfied with Samedan's election as sufficient security for payment of well costs. The Commission noted that the purpose of ¶ 6 is to provide a method whereby the operator may satisfy itself that non-operating participants in the well are capable of paying their share of well costs. The security provision is used to ensure that the operator, in drilling the well, is not required to expend its own money to pay for well costs attributable to another party.

■ We find Samedan's arguments untenable. Addressing the first issue we note that by Samedan's own admission, through argument of counsel before the Appellate Hearing Officer of the Corporation Commission, there is no confusion that the third order held that Samedan's election was valid. Furthermore, by Samedan's own application (filed long after the expiration of the twenty-day period to furnish security) it asked the Commission to determine "the proper election made by Samedan." By so doing, election was in issue. The Commission addressed the issue, reviewed two hearings on the matter and issued the third order 259992 holding that all parties having made affirmative elections under the Correction Pooling Order shall be bound by those elections. Litigating the issue of timeliness subsequent to the expiration of time to show financial capability, which Samedan now contends it did not do, would have been a futile act rendering the question of timeliness moot. Samedan cannot now complain that its election was not valid when it took the position in prior judicial proceedings that it had timely elected participation subsequent to the expiration of the time to show financial capability. As the Commission astutely noted in its order on appeal, Samedan itself took the position that it should be allowed to participate in the well long after the expiration of the twenty-day period for furnishing security. If Samedan were deemed to have accepted the cash bonus by its failure to furnish security, it was not neces-

sary for Samedan to prosecute the proceedings resulting in Order 259992. If Samedan wished to take the position that it was not participating in the well it should have dismissed its application and/or appealed the entry of Order 259992. Samedan did neither. We hold that the Commission's finding that the validity of Samedan's election was determined by Order 259992 is sustained by law and substantial evidence.

 Addressing Samedan's second proposition of error, we have previously noted that Samedan actively requested the Commission to determine its proper election subsequent to the expiration of the time period to show financial capability. It is inappropriate to now allow reversal of the Commission's order on grounds which directly conflict with Samedan's position below. Samedan's position on appeal and in the proceedings resulting in Order 298259 represent a departure from the position it took during the proceedings culminating in the third unappealed Order 259992. Never, until after learning the results of the well, did Samedan contend that it had not perfected its election. Samedan's argument seems to be an afterthought and one untenably taken subsequent to learning the results of the well. Samedan should not now be heard to present a theory or take a position that is new and different and obviously inconsistent with the one presented in earlier proceedings. Parties to an action on appeal are not permitted to secure a reversal of a judgment upon error which they have invited, acquiesced or tacitly conceded in, or to assume an inconsistent position from that taken in the trial court. *Union Texas Petroleum et al. v. Corp. Comm'n*, 651 P.2d 652 (Okla.1981). As we recognized in *Union*, this is a well-settled rule which emanates from the very heart of the purpose served by an appeal. "To allow such a traverse in theory at the appellate level thwarts the very basis of the appellate process." *Union*, 651 P.2d at 664. Samedan is bound by the position it took in the proceedings culminating in the third unappealed order 259992 and will not be permitted to take an inconsistent position on appeal. To allow otherwise would be an abuse and manipulation of the judicial process.

 Finally, Samedan and Lincoln Rock accuse each other of riding the well down. Both parties urge that equity is on their respective sides. The maxim of he who seeks equity must do equity applies here. Equity will not relieve one party against another when both are *pari delicto*. Where both are equally in the wrong, the appellee holds the stronger ground. The appellant assertively sought participation and initiated proceedings with the Commission to obtain that status. In its order on appeal, the Commission specifically noted that Samedan had, at one time or another, taken the position that it was making each of the optional elections provided under the Pooling Orders. Originally Samedan took the position that it elected to accept an excess royalty pursuant to ¶ 3.1. Later, Samedan took the position that it elected to participate pursuant to ¶ 5. And finally Samedan takes the position that it is deemed to have elected the cash bonus pursuant to ¶ 7. It is apparent that Samedan has attempted at various times throughout the proceedings to support each of its inconsistent positions with select provisions of the Pooling Orders. We cannot accede to Samedan's argument to utilize select provisions of the Pooling Orders to assert inconsistent positions based upon the favorable or unfavorable result of the well. Order # 298259 of the Oklahoma Corporation Commission affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, WILSON, KAUGER, SUMMERS, JJ., concur.

SIMMS and OPALA, JJ., concur in judgment.