2017 OK 73

**CITY OF TULSA, Oklahoma, Plaintiff/Appellee,**

v.

**FRATERNAL ORDER OF POLICE, LODGE 93, and Kendra MILLER, Defendants/Appellants.**

Case Number: 114825

Supreme Court of Oklahoma.

Decided: 09/18/2017

James W. Connor, Jr., Randy Lewin, RICHARDS & CONNOR, PLLP, Tulsa, Oklahoma, for Plaintiff/Appellee City of Tulsa.

Gerald M. Bender, Litigation Division Manager, City of Tulsa Legal Dept., Tulsa, Oklahoma, for Plaintiff/Appellee City of Tulsa.

James R. Moore, Douglas D. Vernier, MOORE & LEAMAN, Oklahoma City, Oklahoma, for Defendant/Appellant Fraternal Order of Police, Lodge 93.

Scott B. Wood, WOOD, PUHL & WOOD, PLLC, Tulsa, Oklahoma, for Defendants/Appellants Fraternal Order of Police, Lodge 93, and Kendra Miller.

WINCHESTER, J.,

¶1 This cause has been appealed previously. In that appeal the Court of Civil Appeals affirmed the trial court's judgment vacating an arbitration decision, which judgment had been appealed by the Fraternal Order of Police Lodge 93, and Kendra Miller. *City of Tulsa v. Fraternal Order of Police Lodge 93*, 2016 OK CIV APP 4, 365 P.3d 82. This Court denied certiorari on January 12, 2016.

¶2 Subsequent to the issue of the mandate, the Lodge and Miller moved to remand the matter to the arbitrator. The trial judge denied the motion, and again those two parties appealed. This Court retained the matter.

■ ¶3 Miller, a Tulsa police officer, was terminated from her employment for violating seven Tulsa Police Department rules. Pursuant to the Collective Bargaining Agreement between the City of Tulsa and the Fraternal Order of Police, Miller filed a grievance contesting the termination. The sole issue before the arbitrator was as follows: "Was Kendra Miller's employment with the City of Tulsa, Oklahoma, terminated for just cause? If not, what shall be the remedy?" *City of Tulsa*, 2016 OK CIV APP 4, 10, 365 P.3d at 85.

¶4 The City of Tulsa argues that the decision of the trial court should be affirmed because the Court of Appeals decision has answered the question of whether Kendra Miller's employment was terminated for just cause. The Court of Civil Appeals decision is now the law of the case. That court's opinion settles the issue of whether the arbitration decision should be vacated. *State, ex rel. Pruitt v. Native Wholesale Supply*, 2014 OK 49, ¶18, 338 P.3d 613, 620. The issue now before us is whether the cause should be remanded to arbitration even though the Court of Civil Appeals opinion did not specifically order a remand.

¶5 The arbitrator found "just cause for discipline" on two of the seven reasons for termination. Then the arbitrator fashioned a remedy, which was not termination, but included a 30-day suspension. *City of Tulsa*, 2016 OK CIV APP 4, ¶3, 365 P.3d at 83-84. The Court of Civil Appeals observed that the arbitrator exceeded his authority by addressing the second question concerning the remedy, and by applying a different remedy other than termination. *City of Tulsa*, 2016 OK CIV APP 4, 21, 365 P.3d at 88.

■ ¶6 The expression used by the arbitrator has significance. As stated above, the arbitrator found "just cause for discipline," not "just cause for termination." The City of Tulsa suggests this Court can accept the two as being equal, even though they are not equivalent expressions. When the district court rejected the arbitrator's decision concerning discipline, the whole decision was rejected. The Court of Civil Appeals held that the arbitrator's decision did not draw its essence from the CBA and accordingly affirmed the trial court's order to vacate the arbitration decision. *City of Tulsa*, 2016 OK CIV APP 4, 21, 365 P.3d at 88. Based on that holding, the whole arbitration decision was vacated, not merely a portion of it.[1]

¶7 The parties are entitled to arbitrate, based on their contractual agreements. Accordingly, this cause is remanded to the district court with instructions to remand to the arbitrator.

**REVERSED AND REMANDED.**

**ALL JUSTICES CONCUR.**

---

1. "The word vacate, as applied to a judgment or an order, means to rescind, to eliminate, to set it aside, or render the order void or a nullity." *Hays v. L.C. I., Inc.*, 1979 OK 176, ¶4, 604 P.2d 861, 862. "To vacate something is to destroy it, to eliminate it, to render it a nullity." *Matter of Meekins*, 1976 OK CIV APP 32, ¶11, 554 P.2d 872, 875.