OSCN Found Document:CITY OF TULSA v. FRATERNAL ORDER OF POLICE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CITY OF TULSA v. FRATERNAL ORDER OF POLICE
2023 OK CIV APP 29
Case Number: 120670
Decided: 08/03/2023
Mandate Issued: 09/13/2023
A, DIVISION I
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I

Cite as: 2023 OK CIV APP 29, __ P.3d __

 

CITY OF TULSA, OKLAHOMA, Plaintiff/Appellee,
v.
FRATERNAL ORDER OF POLICE, LODGE 93, and KENDRA MILLER, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE CAROLINE WALL, TRIAL JUDGE

AFFIRMED

James W. Connor, Jr., Ethan M. Sneed, RICHARDS & CONNOR, PLLP, Tulsa, Oklahoma,
and
Kristina Gray, CITY OF TULSA, Tulsa, Oklahoma, for Plaintiff/Appellee,

Scott B. Wood, WOOD, PUHL & WOOD, P.L.L.C., Tulsa, Oklahoma, for Defendants/Appellants.

TIMOTHY J. DOWNING, JUDGE:

¶1 Fraternal Order of Police Lodge 93 and Kendra Miller (Miller) (collectively Appellants) appeal the trial court's August 8, 2022 Order wherein the trial court confirmed the December 4, 2019 arbitration award and vacated the July 7, 2020 clarified award. Based on our review of the record and applicable law, we affirm.

BACKGROUND

¶2 This case has a long history of litigation and appeals. In 2016 another division of this Court set forth the following facts:

In May 2004, Kendra Miller was hired as a police officer for the Tulsa Police Department (TPD). In October 2006, the Federal Bureau of Investigation began investigating Miller in connection with her romantic involvement with Julio Lujan. Lujan, a club manager, was suspected of drug trafficking and later arrested, convicted of weapons possession, and deported. The FBI investigation also included reports that Miller was warning bar owners and/or managers about future bar raids and Fire Marshall inspections. In July 2009, the FBI notified Chief Ronald Palmer of the TPD "that after conducting an extensive joint investigation with the TPD," it was ending its investigation because the U.S. Attorney's office determined it did not have enough evidence to prosecute Miller. Based on the information from the FBI, Chief Palmer requested Internal Affairs to begin an investigation.

Miller was notified about the investigation and received notification of a pre-termination hearing to take place on December 10, 2009. On December 11, 2009, Miller was terminated for violating seven TPD Rules and Regulations. Miller filed a grievance contesting her termination pursuant to the Collective Bargaining Agreement between the City of Tulsa and Lodge # 93 Fraternal Order of Police. The arbitration hearing regarding the grievance took place on September 12--15, 2011. In his 35--page "Opinion and Award" issued on July 30, 2012, the arbitrator concluded:

Conclusion 

I find that Miller violated Rule and Regulation # 8, Conduct unbecoming an Officer or Police Employee (the Second Reason), and Rule and Regulation # 11, Use of Department Vehicles (the Sixth Reason). I find that there was just cause for discipline. However, since I did not uphold the City with respect to the First, Third, Fourth, Fifth and Seventh Reasons and in light of Miller's superior performance evaluations, I find that discharge was too severe.

I am not awarding back pay in this case because Miller exercised poor judgment in befriending and associating with Lujan, manager of a bar that was a hotbed of criminal activity. Miller engaged in serious misconduct. Her behavior was unbecoming for a police officer. (Tr. 180, Vol. 2; City Ex. 2, Miller's Interview on August 11, 2009, p. 3) Her poor judgment resulted in rumors, a citizen's complaint, a TPD internal investigation, and an FBI investigation.

Award

The discharge is reduced to a 30--day suspension without back pay. The City is directed to reinstate Miller forthwith to her former position as a police officer with full and unbroken seniority rights. The time that Miller was away from work (beyond the 30--day suspension) will be reflected in her personnel records as an excused absence. Miller will not receive any back pay. The City is directed to remove Miller's termination letter from her file and substitute a 30--day suspension.

Following this Opinion and Award, the City of Tulsa filed a petition to vacate the arbitrator's decision in the trial court. FOP and Miller filed an "Answer and Counterclaim to Enforce Decision of Arbitrator." FOP and Miller also filed a motion for partial summary judgment to enforce the arbitration award. The City of Tulsa filed a response to the motion for partial summary judgment and filed a cross-motion for summary judgment. After considering the briefs, supplemental briefs, and oral argument, the trial court denied FOP and Miller's motion for partial summary judgment and granted the City's cross-motion for summary judgment. The trial court ordered the arbitration award to be vacated finding:

The Arbitrator's sole issue, as stated in his award was, "Was Kendra Miller's employment with the City of Tulsa, Oklahoma, terminated for just cause? If not, what shall be the remedy?" The City of Tulsa stated seven separate reasons for termination in its termination letter dated December 11, 2009. The Arbitrator found just cause for two of the City's reasons for termination, and specifically found by a clear and convincing standard that Defendant Miller violated Rule # 8, CONDUCT UNBECOMING [AN] OFFICER OR POLICE EMPLOYEE, which was the primary reason for termination. Only if there was not "just cause" was the Arbitrator to fashion a remedy.

The Court finds that the Arbitrator exceeded his authority when he fashioned a remedy after finding just cause.

City of Tulsa v. Fraternal Order of Police, Lodge 93, 2016 OK CIV APP 4, ¶¶ 2-4, 365 P.3d 82, 83--84. This Court affirmed the trial court's order vacating the arbitrator's decision finding the arbitrator exceeded his authority by addressing the second question presented after answering the first question in the affirmative. Id., at ¶ 21. "The arbitrator's decision applying concepts of fairness and equity, does not draw its essence from the CBA." Id. 

¶3 After this Court issued its opinion, the trial court denied Appellants' motion to remand to the arbitrator. On appeal, the Oklahoma Supreme Court ordered the trial court to remand the cause for arbitration. City of Tulsa v. Fraternal Order of Police Lodge 93, 2017 OK 73, ¶ 7, 404 P.3d 854, 855. The parties were unable to agree whether the same arbitrator should handle the arbitration or whether it should be remanded to a new arbitrator. On October 23, 2018, in Case No. 117,277, the Oklahoma Supreme Court ordered the trial court to remand the cause to the original arbitrator.

¶4 The case was remanded to the original arbitrator, Gary Anderson (Anderson). Anderson issued his Opinion and Award on Remand (Remand Award) on December 4, 2019. On Remand, Anderson concluded in part as follows:

The issue, set forth on page 1 above, raises two questions: Was Kendra Miller's employment with the City of Tulsa, Oklahoma, terminated for just cause? If not, what shall be the remedy? I find that the city did not have just cause to terminate the employment of Kendra Miller. In making this decision, I have interpreted and taken into account the just cause provision in the CBA (Article 2 (d), Section 2.2). Since I have answered the first question in the negative, I now have the authority to fashion a remedy, which is set forth below under Award.

¶5 For the Award, Anderson stated:

The City is directed to reinstate Miller on or before January 13, 2020, to her former position as a police officer. The City is directed to remove Miller's termination letter from her file and substitute a 30-day suspension without pay. The time that Miller was away from work (beyond the 30-day suspension) will be reflected in her personnel records as an excused absence. Miller will receive unbroken seniority rights. Miller will not receive any back pay.

¶6 On January 22, 2020 Appellants sought clarification of the Remand Award, specifically on the issues of back pay during the years of litigation and whether Miller must comply with the Tulsa Police Department's training procedures for officers returning after an extended period of absence. The City objected arguing the Remand Award was not ambiguous and stating that the Appellants were asking Anderson to consider a whole new issue regarding compliance with Tulsa Police Department policies. The City argued that by issuing the Remand Award Anderson had wholly fulfilled his obligations in the arbitration.

¶7 Despite the City's objections, Anderson, on July 7, 2020, issued a document titled "Arbitrator Grants Fraternal Order of Police Lodge 93's Motion to Clarify Opinion and Award on Remand, Dated December 4, 2019" (Clarified Award) . In this Clarified Award, Anderson recognized his limited authority stating:

On completing a decision, an arbitrator loses all power over the case. The Remand Order subsequently returning the case to the arbitrator must be looked to for determining the scope of the arbitrator's new authority. . . .

My authority (i.e. jurisdiction), in connection with my initial decision, did not go beyond July 30, 2012, because upon issuing that decision I became functus officio. Because the duties of my original appointment had been completed on July 30, 2012, my authority (i.e. jurisdiction) was automatically terminated on that date. The Court, however, by virtue of a remand, which is an exception to the functus officio rule, revived my jurisdiction for the period covering my initial decision -- December 11, 2009, to July 30, 2012, for the limited purpose of writing a new decision encompassing that period. The Court did not give me authority to go beyond the July 30th time frame to determine whether Miller should receive back pay for the pendency of the lawsuit. If the Court had wanted me to have such authority, it would have specifically said so in its September 19th Remand Order, which is set forth above.

When I wrote my new decision on remand, it was my intent that said decision be substituted for my initial decision, which had been vacated. It was my intent that my new decision cover the same period as my initial decision and that the remedy be the same. I did not address or adjudicate the issue of whether Miller should receive back pay for the pendency of the lawsuit because the remand order did not authorize me to do so.

¶8 Anderson concluded that although the Remand Order did not give him the authority to adjudicate the issue of whether Miller should receive back pay for the pendency of the lawsuit, "the parties gave me such authority in their recent submissions." Anderson then issued his Clarified Awards stating, in part:

Miller was supposed to be reinstated forthwith under my initial decision, dated July 30, 2012. Because the City filed a petition to vacate my initial decision, Miller's reinstatement was delayed to January 13, 2020. Because Miller was never reinstated pursuant to my initial decision, dated July 30, 2012, her backpay should begin on July 31, 2009 [sic]. For this period (July 31, 2012 to January 13, 2020), Miller will be made whole by restoring her last seniority and by paying to her a sum of money, including all benefits, she would have earned from July 31, 2012 to January 13, 2020, the date when she was supposed to be reinstated pursuant to my decision on remand, dated December 4, 2019. That sum is to be reduced by any monies received from interim earnings, unemployment compensation, welfare benefits, etc. and minus any moneys she should have earned by way of mitigation. . . .

The time that Miller was away from work (from July 31, 2012 to January 13, 2020) will be reflected in her personnel records as an excused absence. Miller will receive unbroken seniority rights from July 31, 2012, until January 13, 2020.

The backpay is to be paid to Miller by August 14, 2020.

¶9 Anderson did not render a decision regarding the requirements for reinstatement. Instead, Anderson requested the parties appear at a hearing to discuss the disagreement surrounding reinstatement requirements.

¶10 On August 14, 2020, the City filed a Petition to Confirm Final Arbitration Award and Vacate Arbitrator's Ultra Vires Clarification of that Final Award (Appellee's Petition to Confirm). The City argued Anderson exceeded his authority under the Collective Bargaining Agreement (CBA) and the parties' agreement to arbitrate by issuing the Clarified Award. The City asked the trial court to confirm the Remand Award. Appellants disagreed with the City's claims in their response to the Petition to Confirm. Appellants also asserted a counterclaim asking the trial court to confirm the Clarified Award.

¶11 On February 25, 2022, Appellants filed a Motion for Summary Judgment and Brief in Support (Motion for Summary Judgment), wherein Appellants argued Anderson retained jurisdiction to issue the Clarified Award, the City waived its objection to Anderson's jurisdiction, and Anderson's Clarified Award did not exceed his authority. Appellants asked the trial court to grant the Motion for Summary Judgment and confirm the Clarified Award. The City filed a response opposing Appellants' Motion for Summary Judgment. On May 20, 2022, the City filed its Motion to Confirm Arbitrator's December 4, 2019 Remand Award. Appellants filed a motion to strike and response.

¶12 On August 8, 2022, the trial court considered Appellants' Motion for Summary Judgment, the City's response, and Appellants' reply. The trial court converted Appellants' Motion for Summary Judgment into "defendant's motion to confirm the July 2, 2020 'clarified award.'" The trial court also had before it the City's Motion to Confirm Arbitrator's December 4, 2019 Remand Award, Appellants' Response and Motion to Strike, and the City's reply. The trial court denied Appellants' motion to strike. The trial court concluded its Order stating:

The court hereby finds and orders Plaintiff City of Tulsa's Motion to Confirm Arbitrator's December 4, 2019 Remand Award is GRANTED. The court finds and orders the December 4, 2019 Remand Award is the final arbitration award. The court finds the July 7, 2020 decision of Arbitrator Gary A. Anderson entitled "Arbitrator Grants Fraternal Order of Police Lodge 93's Motion to Clarify Opinion and Award on Remand, Dated December 4, 2019" is improper and said Arbitrator's July 7, 2020 clarification is hereby VACATED.

¶13 From this Order, Appellants appeal.

STANDARD OF REVIEW

¶14 Whether the trial court has the authority to vacate, confirm, or modify an award or order of an arbitrator is a question of law, which is reviewed de novo. Wilbanks Sec., Inc. v. McFarland, 2010 OK CIV APP 17, ¶ 8, 231 P.3d 714, 719. De novo review is plenary, independent, and non-deferential. Sooner Builders & Inv., Inc. v. Nolan Hatcher Constr. Serv., L.L.C., 2007 OK 50, ¶ 8, 164 P.3d 1063, 1067. We afford the arbitrators great deference, looking to see if they exceeded their powers or rendered a decision in manifest disregard of the law. Wilbanks Sec., Inc., 2010 OK CIV APP 17, at ¶ 8.

ANALYSIS

¶15 In Appellants first proposition of error, they challenge the trial court's conversion of their Motion for Summary Judgment into a motion to confirm. In challenging the trial court's action, Appellants center their focus on the trial court's application of Wilbanks Sec., Inc, 2010 OK CIV APP 17. This proposition will not be considered as Appellants acquiesced in the application of Wilbanks by telling the trial court that it could apply Wilbanks.

¶16 In Defendants' Response and Motion to Strike Plaintiff City of Tulsa's Motion to Confirm Arbitrator's Remand Award filed on June 15, 2022, Appellants specifically stated:

Wilbanks stands for the proposition that actions to confirm arbitration awards are post adjudication matters and when presented with a motion for summary judgment, the court has authority to convert the motion into a motion to confirm and where the court does convert the motion for summary judgment into a motion to confirm, the court does not err in bypassing Rule 13.

Appellants argued that pursuant to Wilbanks, the City's motion to confirm the Remand Award was premature because the trial court had not made a ruling on "the summary judgment" by either granting, denying, or converting it into a motion to confirm. Appellant again reasserted its position that if the trial court decided to convert their Motion for Summary Judgment into a motion to confirm "after it reviewed all briefs on this matter" it could do so without applying the standards set forth in Rule 13.

¶17 Again, in Appellants' Reply to the City's Response to Defendants' Motion for Summary Judgment and Brief in Support, Appellants specifically stated that the trial court "has the authority to either grant Defendants' Motion for Summary Judgment or simply convert the motion into a confirmation of the Clarified Award and thereby bypass Rule 13." Appellants also stated:

Wilbanks stands for the proposition where the district court, after reviewing the summary judgment pleadings, converts a motion for summary judgment to a motion to confirm, it is not bound by the procedural rules of Rule 13. Therefore, this Court can apply Rule 13 and rule on Defendants' motion or it can convert the motion into a Motion to Confirm the Clarified Award and sustain same, and by doing so can circumvent Rule 13.

¶18 Appellants' acquiescence and explicit statements that the trial court could in fact convert the Motion for Summary Judgment into a motion to confirm prohibits Appellants from challenging the trial court's application of Wilbanks on appeal. See Samedan Oil Corp. v. Corporation Comm'n, 1988 OK 56, ¶ 7, 755 P.2d 664, 668 ("Parties to an action on appeal are not permitted to secure a reversal of a judgment upon error which they have invited, acquiesced or tacitly conceded in, or to assume an inconsistent position from that taken in the trial court."); See also Tinker Fed. Credit Union v. Grant, 2017 OK CIV APP 9, ¶ 20, 391 P.3d 766, 770. Appellants' first proposition is denied.[1]

¶19 In the final proposition of error, Appellants argue the trial court erred by failing to "explain its reasoning in sufficient detail to permit review." The trial court entered a general judgment in this case after reviewing the pleadings before it. "Generally, a District Court's general judgment is presumed to include a finding of every material fact necessary to support the judgment when specific findings are neither required by law nor expressly stated by the trial court." Beyrer v. The Mule, LLC, 2021 OK 45, ¶ 17, 496 P.3d 983, 991. Given the trial court's limited authority in arbitration proceedings, this Court presumes the trial court's general judgment includes findings necessary to support its judgment. This claim is without merit and is denied.

¶20 Appellants also argue in their final proposition of error that the trial court erred in denying their motion to confirm, i.e. the converted motion for summary judgment, and granting the City's Motion to Confirm. Appellants challenge the trial court's ruling that Anderson exceeded his authority when he issued his Clarified Award "despite his express statement of retained authority". Appellants argued below, and presumably argue here, that Anderson's statement that he "retained jurisdiction" permitted him to issue the Clarified Award. We disagree.[2]

¶21 "[A]n arbitration award must be enforced if the arbitrator stays within the submission of issues and makes an award within the authority granted in the agreement." Am. Fed'n of State, Cnty., and Mun. Emps., Local 2875 v. City of Norman, 2019 OK 35, ¶ 7, 442 P.3d 563, 565. "This Court's inquiry is narrow; it is not to re-examine the evidence below and determine whether the arbitrator made a correct decision." Id. Instead, this Court's review is strictly limited to determining whether the arbitrator exceeded his authority. City of Yukon v. Int'l Ass'n of Firefighters, Local 2055, 1990 OK 48, ¶ 8, 792 P.2d 1176, 1179.

¶22 As set forth above, Anderson clearly recognized that his authority was limited to the period of time between termination and the initial arbitration award, i.e., December 11, 2009 to July 30, 2012. Anderson expressed this twice, specifically acknowledging the Oklahoma Supreme Court's remand order did not authorize him to address whether Miller was entitled to back pay during the pendency of the lawsuit. Nevertheless, Anderson found that through pleadings submitted to him, i.e., Appellants' request for clarification and the City's response, the parties waived "the doctrine of functus officio".

¶23 Anderson was incorrect in finding the parties waived the doctrine of functus officio. The City repeatedly asserted that Andersons' Remand Award was not ambiguous and did not need clarification. Although the City responded to Appellants' request for clarification, specifically arguing against it, it was not an implicit waiver of functus officio. Further, Anderson's authority stems from the issues presented by the parties as well as, in this case, the Remand Order. See Am. Fed'n of State, Cnty., and Mun. Emps., Local 2875, 2019 OK 35, at ¶ 23.

¶24 As Anderson clearly indicated, the issue presented to him on remand was the same as the issue presented at the time of the initial award: "Was Kendra Miller's employment with the City of Tulsa, Oklahoma terminated for just cause? If not, what shall be the remedy?" Nothing about this issue included anything after the July 30, 2012 award. Accordingly, Anderson exceeded his authority by issuing the Clarified Award because the issue of back pay during the pending litigation was not part of the issue presented to him for arbitration. The trial court's Order confirming the Remand Award and vacating the Clarified Award is affirmed.

CONCLUSION

¶25 Finding the trial court did not err in granting the City's motion to confirm the Remand Award, we affirm the trial court's Order.

¶26 AFFIRMED.

GOREE, P.J., and SWINTON, J., concur.

FOOTNOTES

[1] We are unpersuaded by Appellants' argument, in the Reply Brief, that citation to Wilbanks was "related to conversion after the granting of Appellants' summary judgment." The language set forth above demonstrates Appellants' acquiescence of the application of Wilbanks to the instant case and does not reflect Appellants' current position that the trial court had to grant summary judgment prior to converting the motion into a motion to confirm.

Regardless, Appellants' claim of error fails. The Motion for Summary Judgment was made post-arbitration, thus, it was actually a motion to confirm. See Wilbanks Sec., Inc., 2010 OK CIV APP 17, at ¶ 19 (holding the Appellee's motion for summary judgment was actually a motion to confirm the award because summary judgment is not applicable to post-adjudication issues). In fact, the remedy requested at the conclusion of the Appellants' Motion for Summary Judgment was for the trial court to grant summary judgment "by confirming Arbitrator Anderson's Clarified Award". Id., at ¶ 19 ("The meaning and effect of an instrument filed in court depends on its contents and substance, rather than on its form.").

[2] Appellants cite no authority in support of their argument, in violation of Oklahoma Supreme Court Rule 1.11(k), 12 O.S.2021, ch. 15, app. 1. However, we address this claim to make clear it is without merit.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2010 OK CIV APP 17, 231 P.3d 714, 
WILBANKS SECURITIES, INC. v. MCFARLAND
Discussed at Length

 
2016 OK CIV APP 4, 365 P.3d 82, 
CITY OF TULSA v. FRATERNAL ORDER OF POLICE LODGE 93
Discussed

 
2017 OK CIV APP 9, 391 P.3d 766, 
TINKER FEDERAL CREDIT UNION v. GRANT
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1988 OK 56, 755 P.2d 664, 59 OBJ 1293, 
Samedan Oil Corp. v. Corporation Com'n of State of Okl.
Discussed

 
1990 OK 48, 792 P.2d 1176, 61 OBJ 1473, 
City of Yukon v. International Ass'n of Firefighters, Local 2055
Discussed

 
2007 OK 50, 164 P.3d 1063, 
SOONER BUILDERS & INVESTMENTS, INC. v. NOLAN HATCHER CONSTRUCTION SERVICES, L.L.C.
Discussed

 
2017 OK 73, 404 P.3d 854, 
CITY OF TULSA v. FRATERNAL ORDER OF POLICE
Discussed

 
2019 OK 35, 442 P.3d 563, 
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES v. CITY OF NORMAN
Discussed at Length

 
2021 OK 45, 496 P.3d 983, 
BEYRER v. THE MULE
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA